**UNITED STATES of America, Plaintiff–Appellee**

v.

**Milo Vareen DAVIS, Defendant–Appellant.**

No. 11–3189.

United States Court of Appeals, Eighth Circuit.

Submitted: Oct. 22, 2013.

Filed: Nov. 29, 2013.

Rehearing and Rehearing En Banc Denied Jan. 30, 2014.*

---

* Judge Kelly did not participate in the consideration or decision of this matter.

Clemens A. Erdahl, argued, Cedar Rapids, IA, for Appellant.

Teresa Baumann, AUSA, argued, Cedar Rapids, IA, for Appellee.

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

RILEY, Chief Judge.

This case is before us on remand from the United States Supreme Court. On August 22, 2012, our court affirmed Milo Vareen Davis's convictions and sentences for conspiring to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846, and 851, and for money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. *See United States v. Davis,* 690 F.3d 912, 917–18, 929 (8th Cir.2012). In affirming Davis's sentence, we concluded any error the district court[1] made in failing to apply retroactively the Fair Sentencing Act of 2010 (FSA)[2], Pub.L. No. 111–220, 124 Stat. 2372, was harmless given the basis for Davis's sentence. *See Davis,* 690 F.3d at 928–29 (discussing *Dorsey v. United States,* 567 U.S. ——, ——, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012) (holding "the new, more lenient mandatory minimum provisions" of the FSA apply to pre-FSA offenders)).[3]

Davis filed a petition for writ of certiorari. On June 24, 2013, the Supreme Court granted certiorari, vacated our judgment, and remanded for reconsideration in light of *Alleyne v. United States,* 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). *See Davis v. United States,* —— U.S. ——, 133 S.Ct. 2852, 186 L.Ed.2d 903 (2013). In *Alleyne,* the Supreme Court held the Sixth Amendment of the U.S. Constitution requires a jury to find beyond a reasonable doubt any fact that increases a mandatory minimum sentence. *See Alleyne,* 570 U.S. at ——, 133 S.Ct. at 2162–63.

Having reconsidered Davis's appeal as directed by the Supreme Court, we again affirm the district court's judgment and reinstate all but Part II.F. of our prior opinion.[4] *See Davis,* 690 F.3d at 928–29. Any errors the district court committed with respect to Davis's sentence are harmless under the circumstances of this case.[5]

1. The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

2. The FSA increased the threshold quantities of cocaine base necessary to trigger statutory mandatory minimums under 21 U.S.C. § 841(b)(1). *See* FSA § 2.

3. The government concedes "[u]nder the FSA and post-*Dorsey,* the jury's [drug-quantity] finding places [Davis] under 21 U.S.C. § 841(b)(1)(B) for a statutory range of 10 years' to life imprisonment."

4. Our observation in *Davis* that " 'a district court may impose a sentence based on a drug quantity determination greater than that found by the jury so long as the sentence does not exceed the statutory maximum of the convicted offense and the district court's calculation is supported by sufficient evidence[,] ... even where the district court's finding subjects a defendant to a lengthier mandatory minimum sentence than that which would be applicable based solely on the jury's quantity determination,' " *Davis,* 690 F.3d at 928 (quoting *United States v. Webb,* 545 F.3d 673, 677 (8th Cir.2008) (internal citations omitted)), is no longer correct according to *Alleyne,* 570 U.S. at ——, 133 S.Ct. at 2155.

5. The government questions whether Davis "failed to preserve an objection, thereby forfeiting his *Alleyne* claim" and subjecting his claim to plain-error review under Fed. R.Crim.P. 52(b). We need not address that issue in this appeal. *See United States v. Anderson,* 236 F.3d 427, 429 n. 3 (8th Cir. 2001) (per curiam) ("Because we conclude

*See* Fed.R.Crim.P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

A jury convicted Davis of conspiring to distribute drugs and of money laundering. Specifically, the jury determined Davis conspired to distribute "50 grams or more of cocaine base" and "500 grams or more of a mixture or substance containing a detectable amount of cocaine," in each case the maximum amount specified on the verdict form. Based on the jury's quantity findings, the district court—though consistent with the law at the time—erroneously advised Davis at sentencing that he was subject to a mandatory minimum of twenty years imprisonment.

Notwithstanding Davis's argument to the contrary, the district court's error did not affect Davis's substantial rights. In calculating Davis's advisory United States Sentencing Guidelines (U.S.S.G.) range,

> [t]he district court found Davis responsible for 5,163.06 grams of crack and 3,649.15 grams of powder cocaine, which resulted in an adjusted offense level of 36. *See* U.S.S.G. § 2D1.1. Because the adjusted offense level of 40 for the money laundering conviction was higher, the district court applied that level to both counts, determining Davis was subject to an advisory Guidelines range of 360 months to life imprisonment for his conspiracy conviction (level 40, category IV). *See* U.S.S.G. § 3D1.3(a) (explaining the offense level that applies to a group of closely related offenses is "the highest offense level of the counts in the [g]roup").

*Davis,* 690 F.3d at 928–29. Closely analyzing the 18 U.S.C. § 3553(a) sentencing factors, the district court found "a basis to

that the ... error does not warrant reversal under harmless-error analysis, we need not decide whether the more stringent plain-error

go ... above the low end of the advisory guideline range of 360 months" to life but "decline[d] to do so" and concluded a 360–month sentence was "supported by the evidence[ ] and ... sufficient but not greater than necessary to achieve the goals of sentencing" regardless of the application of the FSA. Davis's sentence was not based on the twenty-year mandatory minimum.

Because any *Alleyne* error in this case is harmless, we affirm.

**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Robert Joseph DOWNWIND,**
**Defendant–Appellant.**

No. 12–3824.

United States Court of Appeals,
Eighth Circuit.

Submitted: Oct. 21, 2013.

Filed: Dec. 2, 2013.

Manvir Kaur Atwal, AFPD, argued, Minneapolis, MN, for Appellant.

James Lackner, AUSA, argued, Saint Paul, MN, for Appellee.

standard of review would apply to this case.").

Before RILEY, Chief Judge, MURPHY and COLLOTON, Circuit Judges.

RILEY, Chief Judge.

Robert Joseph Downwind pled guilty to one count of burglary in the first degree in Indian country. The district court[1] sentenced Downwind to a prison term of 151 months. On appeal, Downwind argues the sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. BACKGROUND[2]

During the early morning of July 24, 2011, on the Red Lake Indian Reservation in Minnesota, Downwind, a Native American, cut the screen of an open window and entered the home of S.D.R., a sixty-six year old Native American woman, without permission and with the intention to steal. Downwind encountered S.D.R. and briefly struggled with her, took her cane, and pushed her to the ground.. He then stole S.D.R.'s purse and fled the home. Within an hour, officers arrested Downwind, and S.D.R. identified him as the burglar. Two days later, officers found S.D.R.'s purse in Downwind's father's home. Downwind pled guilty to burglary in the first degree in violation of 18 U.S.C. §§ 1151 and 1153 and Minnesota statute § 609.582, subd. 1(c).

At the sentencing hearing, the district court found Downwind's United States Sentencing Guidelines (Guidelines) adjusted base offense level to be 29 and criminal history category to be VI, resulting in an advisory Guidelines range of 151 to 188 months. The district court heard both Downwind's allocution and defense counsel's description of Downwind's difficult and abusive upbringing and chronic substance abuse. The district court stated it had read the PSR, examined the pertinent case law, and "reviewed all submissions of counsel regarding their sentencing positions on this matter." Noting it had "reviewed the factors" dictated by 18 U.S.C. § 3553[a], the district court found Downwind "is a career criminal" and "the offense involved in this matter is one that makes the guideline calculations reasonable." The district court then sentenced Downwind to 151 months imprisonment. The district court acknowledged Downwind had an "unfortunate history" as a child and an adult and the sentence was "an extreme amount of time," yet the district court explained, "the violence that was involved in this case cannot be excused," and the sentence would promote "safety in the community." Downwind objected to the sentence at the hearing and now appeals.

## II. DISCUSSION

In reviewing a district court's sentencing decision, an appellate court "must first ensure that the district court committed no significant procedural error." *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Downwind does not allege any procedural error. *See United States v. Feemster,* 572 F.3d 455, 461 (8th Cir.2009) (en banc) (quoting *Gall,* 552 U.S. at 51, 128 S.Ct. 586). "When we review the imposition of sentences, ... we apply 'a deferential abuse-of-discretion standard.'" *United States v. Hayes,* 518 F.3d 989, 995 (8th Cir.2008) (quoting *Gall,* 552 U.S. at 41, 128 S.Ct. 586). "A district court abuses

1. The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

2. Absent any objection from Downwind, the district court adopted the factual statements in the Presentence Investigation Report (PSR) for the sentencing hearing.

its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (quotation omitted). Yet "[a] mechanical recitation of the § 3553(a) factors is unnecessary, ... particularly when a judge elects simply to apply the advisory guideline range to a particular case." *United States v. Freeman*, 718 F.3d 1002, 1005–06 (8th Cir.2013) (quoting *United States v. Zastrow*, 534 F.3d 854, 855 (8th Cir.2008)). "Where, as here, a sentence imposed is within the advisory guideline range, we typically accord it a presumption of reasonableness." *United States v. Deegan*, 605 F.3d 625, 634 (8th Cir.2010).

Downwind argues the district court abused its sentencing discretion because the 151–month sentence is "substantively unreasonable." Downwind claims the district court did not place enough emphasis on mitigating factors such as his unfortunate childhood and his drug addiction, and a lesser sentence, coupled with drug addiction treatment, would accomplish the goals of sentencing. "Although [Downwind] suggests we could reasonably conclude his case warrants a less severe sentence, this fact standing alone is not sufficient grounds for reversal." *Freeman*, 718 F.3d at 1006. Upon careful review of the sentencing record, we conclude the district court accurately determined the applicable advisory Guidelines range and appropriately considered and weighed the § 3553(a) factors in light of Downwind's criminal and personal history. Based on this violent home invasion and physical attack and on Downwind's individual histo-

ry, the district court did not abuse its discretion by sentencing Downwind to 151 months imprisonment, a presumptively reasonable sentence at the bottom of the Guidelines range.

## III. CONCLUSION

Downwind's sentence is not substantively unreasonable, and we affirm.